IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

SHEILA RUSHDAN, *et al.*,            *

       Plaintiffs,             *

       v.                        *       Civil Action No. AW-05-880

SURRATTSVILLE HIGH SCHOOL, *et al.*, *

       Defendants.           *
                            *****

### MEMORANDUM OPINION

R.R. and his parent, Sheila Rushdan, ("Rushdan") (together, the "Rushdans" or "Plaintiffs") have brought this suit against Surrattsville High School, Prince George's County Public Schools ("PGCPS"), Jack Johnson ("Johnson"), County Executive of Prince George's County, Carol Ann Baglin ("Baglin"), Assistant State Superintendent of the Department of Education, Division of Special Education, and Robert Ehrlich, Jr. ("Ehrlich"), Governor of Maryland, (collectively, "Defendants"). Plaintiffs claim that Defendants violated the Civil Rights Acts of 1871, 42 U.S.C. §§ 1983 and 1985, the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400-1482, Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12131-12165, the Rehabilitation Act of 1973, 29 U.S.C. §§ 701- 796, and the Fifth Amendment to the United States Constitution by failing to follow the order of an administrative law judge and by failing to provide R.R. with a free appropriate public education. Currently pending before the Court are Defendants Baglin, Ehrlich, PGCPS, and Johnson's Motions to Dismiss [5, 6, 7] and Plaintiffs' Motion for Summary Judgment [17]. The Court has reviewed the entire record, as well as the Pleadings with respect to the instant motions. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons stated below, the Court will grant all Defendants' Motions to Dismiss and

will deny Plaintiffs' Motion for Summary Judgment as moot.

## FACTUAL & PROCEDURAL BACKGROUND

The following facts are taken in the light most favorable to the non-movant. R.R. is a nineteen year-old special education student in the Prince George's County Public School System. RR has been diagnosed with Attention Deficit Disorder ("ADD"). Because of his disability, R.R. has struggled academically. In 10th Grade, R.R. received poor grades, with final grades of Cs and Ds. In 12th Grade, R.R. received final grades of Cs, Ds, and Es. Due to a suspension and pending expulsion hearing, R.R. did not complete his 12th grade year.

A psychological evaluation was performed on R.R. in November of 1998, when R.R. was 12 years old. At age 15, he also had an educational evaluation. Although Rushdan requested that PGCPS re-evaluate R.R., PGCPS did not conduct another evaluation.[1] As a result, PGCPS developed Individualized Education Programs ("IEP"s) for school years 2002-2003, 2003-2004 and 2004-2005 using, in part, the data generated from the November 1998 and January 2001 evaluations.

On July 29, 2004, Rushdan requested a due process hearing. In her request, Rushdan asserted that PGCPS failed to provide a free appropriate public education ("FAPE") for R.R. and sought reevaluation, placement, and services, as well as compensation for the time that PGCPS did not provide R.R. with a FAPE.

After conducting a hearing on August 27, 2004, an administrative law judge ("ALJ") found that PGCPS did not provide a FAPE to R.R. during school years 2002-2003, 2003-2004 and 2004-

---

[1] The evidence establishes that Rushdan requested a reevaluation as recently as February 2, 2004. The Complaint, however, does not specify when Rushdan made her initial request to have R.R. reevaluated but simply states, "Parent requested that R.R. be evaluated because he was experiencing academic difficulty."

2005 and that PGCPS failed to comply with the procedural requirements of the IDEA. While the September 24, 2005 ALJ decision denied Plaintiffs' request for a compensatory award and for attorney's fees, it directed PGCPS to perform psychological, educational, and speech and language evaluations within 60 days of the order. The ALJ also ordered R.R.'s IEP team to reconvene after the completion of the evaluations to reconsider R.R.'s education and placement needs and to modify the IEP for school year 2004-2005 accordingly.

PGCPS completed the evaluations on November 15, 2004, but the IEP team did not meet until March 16, 2005. At the March 16, 2005 meeting, Rushdan was surprised to learn that the IEP team had yet to develop a new program for R.R.

Fifteen days after this meeting, the Rushdans filed this Complaint, alleging that Defendants violated R.R.'s rights under the Civil Rights Acts of 1871, the IDEA, Title II of the Americans with Disabilities Act of 1990, the Rehabilitation Act of 1973, and the Fifth Amendment. On April 20, 2005, Baglin and Ehrlich filed a Motion to Dismiss. On April 26, 2005, PGCPS filed a Motion to Dismiss. The following day, Johnson filed a Motion to Dismiss. These motions are ripe and ready for review. With the resolution of these motions pending, Plaintiffs filed a Motion for Summary Judgment on September 21, 2005.

## **STANDARD OF REVIEW**

A court should deny a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief." *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In determining whether to dismiss a complaint pursuant to Rule 12(b)(6), this Court must view the well-pleaded material allegations in the light most favorable to the plaintiff and accept the factual

3

allegations contained within the plaintiff's complaint as true. *See Flood v. New Hanover County*, 125 F.3d 249, 251 (4th Cir. 1997) (*citing Estate Constr. Co. v. Miller & Smith Holding Co., Inc.*, 14 F.3d 213, 217-18 (4th Cir. 1994)); *Chisolm v. TranSouth Finan. Corp.*, 95 F.3d 331, 334 (4th Cir. 1996).

The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) (citing *Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir. 1981)); *Young v. City of Mount Ranier*, 238 F.3d 576, 577 (4th Cir. 2001) (the mere "presence ... of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6)"). Nor is the Court "bound to accept [Plaintiff's] conclusory allegations regarding the legal effect of the facts alleged." *United Mine Workers of Am. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085-86 (4th Cir. 1994); *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

Therefore, a complaint may be dismissed as a matter of law only if it lacks a cognizable legal theory *or* if it alleges insufficient facts to support a cognizable legal theory. *See Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984) (citing 2A J. Moore, Moore's Federal Practice ¶ 12.08 at 2271 (2d ed. 1982)).

## DISCUSSION

### I. The Individuals with Disabilities Education Act

The IDEA, 20 U.S.C. §§ 1400-1482, and its accompanying regulations, 34 C.F.R. pt. 300, require all states that receive federal funds for education to provide children with disabilities, between the ages of three and twenty-one, a free appropriate public education or a FAPE.

The IDEA creates a series of procedural safeguards "designed to ensure that the parents or guardian of a child with a disability are both notified of decisions affecting their child and given an

opportunity to object to those decisions." *MM ex rel. DM v. Sch. Dist. of Greenville County,* 303 F.3d 523, 527 (4th Cir. 2002) (internal quotation marks and citation omitted); *see also* 20 U.S.C. § 1415. These provisions of the IDEA give parents the right to request a due process hearing conducted by the state or local educational agency to challenge the identification, evaluation, or educational placement of a child. 20 U.S.C. § 1415(b) & (f). Maryland has enacted laws to enforce the provisions of the IDEA, and, in Maryland, the Office of Administrative Hearings conducts IDEA due process hearings. Md. Code Ann., Educ. § 8-413 (West 2005); Md. Code Regs. 13A.05.01.15(c)(1). Any party can appeal the administrative ruling to federal or state court. 20 U.S.C. § 1415(i)(2); Md. Code Ann., Educ. § 8-413(h).

Although Plaintiffs make claims under various federal statutes and the Constitution based on the failure of Defendants to provide a FAPE, the Fourth Circuit and the Supreme Court have held that "[b]ecause the IDEA provides a comprehensive remedial scheme for violations of its own requirements . . . the [IDEA] is the exclusive avenue through which the child and his parents or guardian can pursue their claim." *Sellers by Sellers v. Sch. Bd. of City of Manassas* 141, F.3d 524, 529-30 (4th Cir. 1998) (quoting *Smith v. Robinson*, 468 U.S. 992, 1013 (1994)). Therefore, this Court must only consider Plaintiffs' IDEA claim.

## II.     Defendants' Motions to Dismiss

Defendants advance numerous arguments in support of their contention that Plaintiffs' Complaint fails to state a claim upon which this Court may grant relief. Although Defendants use differing legal theories to reach the conclusion that Plaintiffs' Complaint should be dismissed pursuant to Rule 12, all Defendants argue that Plaintiffs failed to name the proper parties in their Complaint.

Plaintiffs' Complaint contains three counts. In Count One, Plaintiffs allege that PGCPS denied R.R. a FAPE when it failed to comply with the ALJ's order. Count Two contends that PGCPS denied R.R. a FAPE when it failed to develop an appropriate IEP for school years 2001-2002 through 2004-2005. Finally, in Count Three, Plaintiffs allege that PGCPS denied R.R. a FAPE when it failed to issue a notice of placement for the 2004-2005 school year. Plaintiffs ask that this Court order PGCPS to fund placement at an appropriate school and to provide compensatory educational services. In addition, Plaintiffs seek attorneys fees and "such other and further relief" as this Court deems proper.

Examining Plaintiffs' Complaint, it becomes clear that Plaintiffs do not make specific factual allegations that either Maryland state defendant, Ehrlich or Baglin, violated R.R.'s rights in their official or individual capacities. Indeed, Plaintiffs do not name either Baglin or Ehrlich as defendants in the Complaint's jurisdictional statement nor do they seek any relief from these defendants. Based on the facts alleged in the Complaint, this Court finds that Plaintiffs failed to state a claim against Ehrlich and Baglin.

This Court also finds that Plaintiffs' claims against Defendants Johnson and PGCPS cannot withstand a Rule 12(b)(6) motion to dismiss. Johnson serves as the County Executive for Prince George's County. Prince George's County Maryland, however, is not charged with the responsibility of providing R.R. with a FAPE under either the IDEA or Maryland law. Maryland law provides that "[e]ducational matters that affect the counties shall be under the control of a county board of education in each county." Md. Code Ann., Educ.§ 4-101(a). Each county school board is a "body politic and corporate" that may sue and be sued. Md. Code Ann., Educ.§ 3-104(a). Because the Board of Education of Prince George's County is responsible for matters affecting

6

education, the Board of Education is the appropriate Defendant in this suit, not Johnson or PGCPS.[2] Therefore, this Court will grant Defendants PGCPS and Johnson's Motions to Dismiss.

This Court, however, must note that even if Plaintiffs were to amend the Complaint to identify the proper parties, Plaintiffs may fail to state a claim for liability under IDEA as it appears Plaintiffs have failed to exhaust their administrative remedies. Before a plaintiff may bring suit under IDEA, the plaintiff must first exhaust his or her administrative remedies. *See MM ex rel. DM,* 303 F.3d at 535-36. Once an ALJ has issued a decision on a complaint brought under the IDEA, the statute permits any "party aggrieved by the findings and decision" of the ALJ to challenge the adverse determination in federal district court. *See* 20 U.S.C. § 1415(i)(2). Yet, Plaintiffs do not challenge the ALJ decision of September 23, 2004, but seek enforcement of that decision. Plaintiffs do not claim they are "aggrieved" by the determination of the ALJ, and it appears that the IDEA does not sanction a private right of action in these circumstances. To interpret this provision otherwise would ignore the most basic canons of statutory construction. Plaintiffs may have a basis to contest the IEP team's March 15, 2005 determinations, but under the IDEA, parents must first request a due process hearing for each violation of the statute. *MM ex rel. DM,* 303 F.3d at 535. As a result, this Court has reservations about Plaintiffs' ability to state a violation of the IDEA.

Within 10 days of this order, if Plaintiffs have evidence that they have exhausted their administrative remedies, Plaintiffs may initiate a conference call to this Court with the proper party, the Board of Education of Prince George's County. At that point, the Court will consider a request for leave to amend the Complaint. If Plaintiffs do not contact the Court in 10 days, the Court will

---

[2] PGCPS is not a legal entity capable of being sued.

assume that Plaintiffs concede that they have not exhausted their administrative remedies and will dismiss this action without prejudice.

Based on this Court's decision with respect to Defendants' Motions to Dismiss, Plaintiffs' Motion for Summary Judgment will be denied as moot.

## **CONCLUSION**

For all of the aforementioned reasons, the Court will GRANT Defendants Baglin, Ehrlich, PGCPS and Johnson's Motions to Dismiss [5, 6, 7]. The Court will DENY Plaintiffs' Motion for Summary Judgment [17] as moot. An Order consistent with this Opinion will follow.

Date:   October 4, 2005                                          /s/
                                                            Alexander Williams, Jr.
                                                            United States District Court